UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE A. JUSINO,<br>  Plaintiff, | :<br>:<br>: |
| v. | :    Case No. 3:18cv1514(MPS) |
| HEATHER GAW, et al.,<br>  Defendants. | :<br>:<br>: |

## **INITIAL REVIEW ORDER**

The plaintiff, Jose A. Jusino, is incarcerated at the MacDougall-Walker Correctional Institution ("MacDougall-Walker"). He has filed a civil complaint under 42 U.S.C. § 1983 against Psychologists Heather Gaw and Mark Frayne, Director of Psychiatry Craig Burns, Director of Psychology Thomas Kocienda, Health Services Administrator Brian Liebel, and Counselor William Longo.[1] For the reasons set forth below, the court will dismiss the complaint.

**I.    Standard of Review**

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

---

[1] It is evident that defendant Director Craig Burns is incorrectly listed as Director Craig Burn in the complaint. *See* Compl., ECF No. 1 at 1. The correct spelling of the last name of defendant Burn is Burns. *See Jusino v. Frayne, et al.*, Case No. 16cv961(MPS) (Compl., ECF No. 1 at 1 & Waiver of Service of Summons, ECF No. 15). Accordingly, the court refers to defendant Dr. Craig Burn using the correct spelling of his last name, Burns, in this order.

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must still include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

## II.     Facts

The plaintiff states that he has been diagnosed as suffering from borderline personality disorder, antisocial personality disorder, and abnormal brain structure and function. *See* Compl., at 4 ¶ 16. His "risk factors are suicidal ideation, behavior, gestures, threats[,] and self-mutilating behavior." *See id.* ¶ 17. He has been confined in a restrictive housing unit since May 2007. *See id.* ¶ 15.

In June 2016, the plaintiff filed a complaint against a number of mental health and medical providers employed by the Connecticut Department of Correction, including Dr. Frayne, Director Burns, and Administrator Liebel. *See id.* at 3 (citing *Jusino v. Frayne, et al.*, Case No. 16cv961(MPS) (Complaint, ECF No. 1). On August 2, 2016, the court dismissed the claims against multiple defendants, including Administrator Liebel, but concluded that the claims of

2

deliberate indifference to mental health treatment would proceed against other defendants, including Dr. Frayne and Director Burns. *See Jusino*, Case No. 16cv961(MPS) (Initial Review Order, ECF No. 10). On January 3, 2018, the court considered a motion for summary judgment filed by defendants Frayne, Gagne, Burns, Chaplin, and Forbes and granted the motion as to the claims against defendants Burns and Chaplin, but denied the motion as to defendants Frayne, Gagne, and Forbes. *See id.* (Ruling Mot. Summ. J., ECF No. 87, at 10-13).

Also on January 3, 2018, the plaintiff submitted a four-page letter to multiple Department of Correction officials regarding inaccurate information about his treatment that had been included in an individualized treatment plan formulated for him by Dr. Frayne and Director Kocienda. *See* Compl. at 4 ¶ 18. On January 12, 2018, without evaluating or testing the plaintiff, Dr. Frayne and Counselor Longo lowered the plaintiff's mental health needs score. *See id.* ¶ 20. The plaintiff suggests that his mental health needs score was lowered to a level below level 3. *See id.* at 7 ¶ 30. The plaintiff contends that prison officials are not required to provide him with mental health treatment because of his lower mental health needs score. *See id.* at 4 ¶ 20.

Director Kocienda serves as a consultant to the Connecticut Department of Correction and oversees the mental health care provided to inmates, including the plaintiff. *See id.* at 6 ¶ 25. On January 22, 2018, Director Kocienda wrote to the plaintiff and acknowledged that the plaintiff had "identified mental health needs." *See id.* at 5 ¶ 24.

On March 15, 2018, the plaintiff sent a letter to Directors Kocienda and Burns regarding the decision to lower his mental health needs score. *See id.* at 5 ¶ 21. Neither Director Kocienda, nor Director Burns responded to the plaintiff's letter. *See id.*

On April 23, 2018, the plaintiff met with Psychologist Gaw, who was employed at Northern, regarding his concerns that he might be at a future risk of harm due to his mental health needs score having been lowered. *See id.* at 6 ¶ 26. Psychologist Gaw informed the plaintiff that there was no need to raise his mental health needs score and that he would be receiving mental health treatment from a male mental health worker. *See id.* ¶¶ 27-28. The plaintiff alleges that the mental health worker assigned to him was a homosexual and that the mental health worker's sexual orientation made him feel uncomfortable. *See id.* The plaintiff states that he had been subjected to sexual abuse in the past and had a "fear of homosexual male[s]." *See id.*

On May 10, 2018, the plaintiff sent a complaint to Administrator Liebel regarding the lowering of his mental health needs score based on "non-mental health factors" and to a level that did not require treatment to be provided to him. Administrator Liebel declined to take any action in response to the written complaint from the plaintiff and indicated that the information in the complaint was "just [the plaintiff's] opinion." *See id.* at 7 ¶ 29.

On July 31, 2018, prison officials at Northern transferred the plaintiff to another facility. *See id.* ¶ 31. At the new facility, prison officials classified the plaintiff to a more restrictive status based on an incident that had occurred in 2009. *See id.* Because the plaintiff's mental health needs score was below a level three, prison officials at the new facility did not offer to provide the plaintiff with mental health treatment, programming, therapy, or follow-up due to his mental health needs score having been lowered below a level three. *See id.*

### III. Discussion

The plaintiff alleges that the defendants were deliberately indifferent to his mental health

needs in violation of the Eighth Amendment. He claims that he has suffered emotional, mental, and psychological pain and may suffer serious illness, injury or death in the future. In addition, the plaintiff asserts that Dr. Frayne and Counselor Longo lowered his mental health needs score in retaliation for his filing of a complaint regarding his individualized treatment plan and because he prevailed in defending Dr. Frayne's motion for summary judgment in *Jusino*, Case No. 16cv961(MPS). He claims that the retaliatory conduct of the defendants violated his rights under the First Amendment. He sues the defendants in their individual and official capacities for monetary damages and injunctive relief.

### A.   **Eighth Amendment Claim**

The plaintiff claims that all defendants were involved in either lowering his mental health needs score or refusing to raise his mental health needs score during his confinement at Northern from January to July 2018. He also includes allegations regarding mental health treatment provided by Psychologist Gaw during that time period.

Deliberate indifference by prison officials to a prisoner's serious medical or mental health needs constitutes cruel and unusual punishment in violation of the Eighth Amendment. *See Estelle v. Gamble,* 429 U.S. 97, 104 (1976) (deliberate indifference by prison officials to a prisoner's serious medical need constitutes cruel and unusual punishment in violation of the Eighth Amendment.); *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) ("The Eighth Amendment forbids "deliberate indifference to serious medical needs of prisoners . . . which includes needs for mental health care") (internal quotation marks and citations omitted); *Atkins v. County of Orange,* 372 F. Supp. 2d 377, 408 (S.D.N.Y. 2005) ("In the Second Circuit, it is equally clear that psychiatric or mental health care 'is an integral part of

medical care' and falls under the rule laid out in *Estelle* which requires that such care be provided to prisoners.") There is a subjective and an objective component to the deliberate indifference standard. To state a claim for deliberate indifference to a serious medical or mental health need, a plaintiff must meet a two-pronged test. Under the first prong, a plaintiff must demonstrate that his or her medical or mental health need was "'sufficiently serious.'" *Spavone*, 719 F.3d at 138 (quoting *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Factors relevant to the seriousness of a medical condition include whether "a reasonable doctor or patient would find [it] important and worthy of comment," whether the condition "significantly affects an individual's daily activities," and whether it causes "chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quotation marks omitted).

Subjectively, the defendant must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his or her actions or inactions. *See Spavone,* 719 F.3d at 138 *(citing Salahuddin*, 467 F.3d at 280). Mere negligent conduct does constitute deliberate indifference. *See Salahuddin*, 467 F.3d at 280 ("[R]ecklessness entails more than mere negligence; the risk of harm must be substantial and the official's actions more than merely negligent."); *Hernandez v. Keane,* 341 F.3d 137, 144 (2d Cir. 2003) (medical malpractice alone does not amount to deliberate indifference).

### 1. Claim against All Defendants

The plaintiff alleges that he has been diagnosed as suffering from borderline personality disorder, antisocial personality disorder, and abnormal brain structure and function. He contends that on January 12, 2018, Dr. Frayne and Counselor Longo lowered his mental health needs

6

6

score to a level below level 3. Because the plaintiff was concerned that his lower mental health needs score might mean that he would not be provided with mental health treatment in the future, he wrote a letter to Directors Burns and Kocienda about the decision to lower his mental health needs score and informed them of his fear that the new score might subject him to a "future risk." Neither director responded to the plaintiff's letter.

On April 23, 2018, he had an appointment with Psychologist Gaw to discuss his concern about a "future risk" regarding mental health treatment due to the lowering of his mental health needs score. Psychologist Gaw opined that the plaintiff's mental health needs score did not need to be raised. She informed the plaintiff that due to budget cuts, the only mental health worker available to treat him was a male individual. The plaintiff claims that the mental health worker made him "feel uncomfortable" because he was a "homosexual male."

The plaintiff alleges that in May 2018, he sent a letter to Health Services Administrator Liebel regarding the fact that his mental health needs score had been lowered and his belief that the score had been lowered "out of spite." Compl. at 7 ¶ 29. Administrator Liebel responded that this was only the plaintiff's opinion. The plaintiff alleges that Administrator Liebel did not investigate his allegations before responding to them.

The plaintiff has alleged facts to suggest that prior to and during the time period in question he had been diagnosed as suffering from several serious mental health conditions and that his risk factors included suicidal thoughts and self-mutilation. *See* Compl. at 4 ¶¶ 16-17. He has also alleged that the defendants were aware of his serious mental health conditions before and during the time period in questions. He does not include facts, however, regarding any behavioral incidents that might have been attributed to his mental health conditions or that

7

involved attempts of self-harm and that also occurred on dates close to or during the time period in question. Even if the court assumes that the plaintiff suffered from a serious mental health need as of January 3, 2018, the facts alleged as to the conduct of the defendants do not state a plausible claim of deliberate indifference to that serious mental health need.

The plaintiff contends that the lowering of his mental health needs score by Dr. Frayne and Counselor Longo on January 12, 2018, meant that he might not receive mental health treatment in the future. When the plaintiff met with Psychologist Gaw at Northern on April 23, 2018, however, she informed the plaintiff that he would still be treated for mental health issues and assigned him a mental health provider. Although the plaintiff claims that he sent Administrator Liebel a letter on May 10, 2018 regarding the lowering of his mental health needs score, he does not allege that he informed Administrator Liebel that he was not receiving treatment because of his new mental health needs score. Nor does he allege that he sought mental health treatment from Administrator Leibel. Thus, the plaintiff has not alleged that lowering his mental health needs score to a level below a level three by Dr. Frayne and Counselor Longo or the alleged refusal of Directors Kocienda and Burns, Psychologist Gaw, and Administrator Liebel to raise his mental health needs score after it had been lowered resulted in the denial of mental health treatment during his confinement at Northern from January 3, 2018 to July 31, 2018.[2]

---

[2] The court notes that the plaintiff raised this same claim in a motion for injunctive relief filed in *Jusino*, Case No. 16cv961(MPS). *See* Mot. Prelim. Inj., ECF No. 107. In that motion, the plaintiff sought an order directing prison officials at Northern, including Dr. Frayne, to raise his mental health needs score to a level that was appropriate for his mental health conditions. *See id.* at 1. In his declaration filed with the motion for injunctive relief, the plaintiff stated that on January 12, 2018, Dr. Frayne had lowered his mental health needs score to a level 2. *See id.* at 7 ¶ 6. In support of this statement, the plaintiff included a citation to his Special Needs Status

8

The plaintiff also alleges that after his transfer from Northern to another facility on July 31, 2018, prison officials at the new facility did not offer to provide him with mental health treatment because of his lower mental health needs score. The plaintiff does not allege that he sought mental health treatment from medical or mental health officials at the new facility or that they denied him mental health treatment in response to his requests. The conclusory allegation that prison officials at the new facility did not offer to provide him with mental health treatment because of his assigned mental health needs score does not state a claim that any individual who is named as a defendant was deliberately indifferent to his mental health needs and are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

Neither the allegation that Dr. Frayne and Counselor Longo lowered the plaintiff's mental health needs score, nor the allegation that Directors Kocienda and Burns, Psychologist Gaw, and Administrator Liebel refused or neglected to raise his mental health needs score after it had been lowered, state a plausible claim of deliberate indifference to the plaintiff's mental

---

Individualized Facility Management Plan dated April 28, 2017. *See id.* (citing Defs.' Obj. Mot. Prelim. Inj., ECF No. 98, Ex. B). The second page of the Plan includes an Updated Progress note by Dr. Frayne dated January 12, 2018. In that note, Dr. Frayne indicates that Mr. Jusino's mental health needs score will be lowered to a mental health needs score of 2 and that as a mental health needs level 2 inmate, he may initiate contact with mental health staff verbally or in writing. *See id.* This note, however, was not signed by Dr. Frayne on January 12, 2018. Nor was it signed as reviewed and approved by Dr. Kocienda. *See id.* Furthermore, a January 22, 2018 letter from Dr. Kocienda, referenced by the plaintiff in the complaint filed in this action, suggests that the Dr. Kocienda had not in fact approved the request of Dr. Frayne to lower the plaintiff's mental health needs score to a level below level 3. *See* Compl. at 5 ¶ 24 & *Jusino*, Case No. 16cv961(MPS) (Jusino Decl. Supp. Mot. Prelim. Inj., ECF No. 103, at 37, Ex. 4 – January 22, 2018 letter in which Dr. Kocienda refers to the plaintiff as having been designated a mental health needs level 3 inmate). On September 7, 2018, the court denied the motion for injunctive relief to the extent that it asserted allegations that were unrelated to the events that formed the basis of the complaint that had occurred prior to February 2016. *See Jusino v. Frayne, et al.*, Case No. 16cv961(MPS) (Order, ECF No. 136). The court also noted that the request for relief would be moot if the plaintiff had been transferred from Northern to another

health needs. Thus, those Eighth Amendment claims are dismissed without prejudice. *See* 28 U.S.C. § 1915A(b)(1).

### 2. Additional Claim against Psychologist Gaw

The plaintiff acknowledges that Psychologist Gaw was responsive to his request or need for mental health treatment and met with him on April 23, 2018 to discuss his concerns. The plaintiff contends, however, that he was uncomfortable with the mental health treatment provider assigned to him by Psychologist Gaw during that appointment because the mental health worker was a homosexual. The plaintiff asserts that Psychologist Gaw was aware of his history of having been sexually abused and his "fear of homosexual male[s]" and should not have assigned him a male mental health worker who was also a homosexual.

The allegations that Psychologist Gaw exercised poor judgment in her choice of a treating mental health worker sound, at best, in negligence or medical malpractice rather than deliberate indifference to a mental health need. Negligence is not actionable under section 1983. *See Estelle,* 429 U.S. at 106 ("medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Brock v. Wright,* 315 F.3d 158, 164 (2d Cir. 2003) ("[N]egligence is not deliberate indifference."); *Silvera v. Dep't of Corr.*, No. 3:09-CV-1398 VLB, 2012 WL 877219, at *12 (D. Conn. Mar. 14, 2012) ("Rather, at best, Silvera has identified a potentially negligent act of Defendant Gasparo, and has challenged the exercise of Defendant Gasparo and Samson's medical judgment, neither of which are sufficient to constitute deliberate indifference.") (citations omitted). Nor is a claim of a difference of opinion regarding medical treatment. *See Allah v. Michael*, 506 F. App'x 49, 52 (2d Cir. 2012) (concluding inmate's

---

prison facility. *See id.*

allegations regarding mental health treatment constituted a claim of a disagreement with treatment rather than a deprivation of treatment because evidence demonstrated that prison officials "offered [him] professional mental health treatment" and the only reason that he "refused" the treatment offered was due to fact that "he did not trust the white mental health staffs" assigned to treat him); *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) ("It has long been the rule that a prisoner does not have the right to choose his medical treatment as long as he receives adequate treatment.") (citation omitted); *Chance,* 143 F.3d at 703 ("So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation.").

There are no allegations that Psychologist Gaw was aware of the sexual orientation of the mental health provider prior to assigning him to treat the plaintiff or that the mental health provider was somehow unqualified. Furthermore, there are no allegations that the plaintiff brought his concerns regarding the assigned treatment provider to the attention of Psychologist Gaw or that she failed to make efforts to treat him herself or arrange for another mental health provider to treat him after being made aware of the plaintiff's concerns. The court concludes that the plaintiff has not alleged facts to state a plausible claim of deliberate indifference to this mental health needs against Psychologist Gaw with regard to her April 23, 2018 assignment of a mental health provider to treat him. This Eighth Amendment deliberate indifference claim against Psychologist Gaw is dismissed without prejudice. *See* 28 U.S.C. § 1915A(b)(1).

**B.     First Amendment Claim**

The plaintiff asserts claims that on January 12, 2018, Dr. Frayne and Counselor Longo lowered his mental health needs score to a level below three. The plaintiff contends that this

decision was made in retaliation for his submission of a written complaint on January 3, 2018 regarding his mental health treatment plan and because he had prevailed on a motion for summary judgment motion filed by Dr. Frayne in another civil action filed in this court. Although the plaintiff subsequently complained to Administrator Liebel regarding the lowering of his mental health needs score and accused Dr. Frayne and Counselor Longo of doing so out of spite, Administrator Liebel did not think that there was any basis to the plaintiff's allegation and took no further steps to investigate it.

To state a claim of retaliation a plaintiff must allege "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Holland v. Goord*, 758 F.3d 215, 225 (2d Cir. 2014). "Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003. Further, the Second Circuit treats prisoner retaliation claims "with skepticism and particular care, because virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act." *Id.* at 352; *Dorsey v. Fisher*, 468 F. App'x. 25, 27 (2d Cir. 2012).

It is well-established that the filing or submission of a grievance or a complaint by an inmate constitutes protected activity. *See Davis,* 320 F.3d at 352–53; *Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996). In addition, the pursuit of a court action constitutes a protected First Amendment activity. *See Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995). The plaintiff has

12

asserted that on January 3, 2018, he engaged in First Amendment activity when he sent a letter to prison officials regarding his mental health treatment plan and successfully defended a motion for summary judgment filed by Dr. Frayne in another case filed in this court.

Dr. Frayne and Counselor Long allegedly made the decision to lower the plaintiff's mental health needs score on January 12, 2018. As indicated above, the plaintiff has acknowledged that even after Dr. Frayne and Counselor Longo allegedly lowered his mental health needs score, he sought mental health treatment and that a mental health provider at Northern was responsive to his request. After the plaintiff's transfer from Northern to another facility and his placement on a more restrictive status, however, prison officials at the new facility allegedly did not automatically provide or offer to provide him with mental health treatment because of his lower mental health needs score. The plaintiff does not allege that he sought mental health treatment from medical or mental health officials at the new facility or that they denied him mental health treatment in response to his requests. Because the alleged lowering of his mental health needs score did not preclude the plaintiff from seeking mental health treatment or preclude or prevent mental health officials from offering treatment to the plaintiff in response to his request, it is not likely that the lowering of mental health needs score "would deter a prisoner of ordinary firmness from vindicating his rights through the grievance process and the courts." *Gill v. Pidlypchak*, 389 F.3d 379, 384 (2d Cir. 2004).

Thus, the court concludes that, as pled, the alleged change in the plaintiff's mental health needs level does not meet the adverse component of a retaliation claim. The retaliation claim as asserted against Dr. Frayne, Counselor Longo, and Administrator Liebel is dismissed without prejudice. *See* 28 U.S.C. § 1915A(b)(1).

**ORDERS**

The court enters the following orders:

(1) The Eighth Amendment and First Amendment claims are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed close this case. Within thirty days of this order, the plaintiff may file a motion to reopen, together with an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure and addresses the defects identified in this ruling.

(2) The Pro Se Prisoner Litigation Office shall send a courtesy copy of the complaint and this order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

SO ORDERED at Hartford, Connecticut this 8th day of November 2018.

>　　　　　/s/
> Michael P. Shea
> United States District Judge